UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
)
EVETTE DIANA LUTMAN, )   CASE NO. **12-13044-ABC**
SSN: xxx-xx-**0846** )   CHAPTER 7
)
         DEBTOR. )

## DEBTOR'S OBJECTION TO MOTION TO DISMISS AND REQUEST FOR HEARING

Debtor hereby objects to the United States Trustee's Motion to dismiss her Chapter 7 case. Debtor makes the following two arguments:

**ARGUMENT #1: Student loan payments are a necessary household expense with regard to the Means Test**

1. The United States Trustee for Region 19 (UST) has moved to dismiss Debtor's Chapter 7 case for abuse of Chapter 7, claiming that Debtor inappropriately listed required student loan payments as expenses, when taking the Means Test.

2. Debtor disagrees that such required student loan payments are not valid expenses.

3. Debtor is employed by a congregation in the Reconstructionist movement. Debtor was only able to obtain that employment by graduating from the movement's college, the Reconstructionist Rabbinical College. The student loans were incurred for tuition, books and other direct educational expenses required by the college.

4. If Debtor defaulted on those student loan payments it would reflect very poorly on her employer, her college and the Reconstructionist movement. Up until the filing of the petition Debtor made those student loan payments regularly, and her household considered them as vital as paying the rent. Therefore Debtor morally and ethically had an obligation to list those payments as necessary household expenses.

5. The Federal Government has a vested interest in receiving Debtor's student loan payments. If the Bankruptcy Code was amended so as to protect the government's interest in the <u>amount</u> of Federally guaranteed student loan debt, then the Government surely has an interest in protecting its right to receive <u>payments</u> on that debt. To hold otherwise would result in a legal absurdity.

**ARGUMENT #2: Debtor should not have been subject to the Means Test, and the Case is therefore properly filed for Chapter 7 Relief.**

6. In fact Debtor has not abused the bankruptcy laws in filing her request for bankruptcy relief under Chapter 7, although debtor made an innocent mistake in the characterization of her debt, which caused her to be subject to the Means Test, when in fact she should not have been subject to that test.

7. The provisions applying the Mean Test and other provisions of §707(b) are only for cases of "primarily consumer debts."

8. A "consumer debt" is "debt incurred by an individual primarily for a personal, family or household purpose." However, if the debts are *not* primarily consumer debts, then U.S. Trustee *cannot* pursue the abuse provisions of 11 U.S.C. §707. In particular, debtors with primarily business debts and/or other non-consumer debts are not be required to file a Means Test.

9. Due to unfamiliarity with the intricacies of the bankruptcy code, debtor believed at the time of filing her case that the majority of her debt was consumer debt as defined by 11 USC Sec. 101(8). She believed so because she misunderstood the choices on form 1, as being only between "consumer debt" and "business debt".

10. Now debtor understands that the category "business debt" includes "other than consumer debt", which debtor did not understand at the time of filing.

11. Debtors whose debts are primarily business debts or other non-consumer debts are not subject to the Means Test and other provisions under 11 U.S.C. §707(b).

12. The majority of debtor's debt is not consumer debt resulting from personal consumption. It is "other than consumer debt". As such, on Form 22A, Part I, "Military and Non-Consumer Debtors", Debtor *should* have checked the box in section 1B, declaring that her debts were not primarily consumer debts. Then Debtor should have left the remaining sections of Form 22A blank, save for Part VIII (verification/signature).

13. The largest chunk of debtor's debt is student loan debt, incurred for the payment of tuition, fees & books at debtor's graduate school, coursework required at other institutions by debtor's graduate school, and other direct educational expenses.

14. The next largest chunk of Debtor's debt is a substantial tax liability, which is also not consumer debt. Personal income tax debts are not consumer debts. *In re Westberry* 215 F.3d 589 (6th Cir. 2000). The Sixth Circuit in *Westberry* rejected the application of the profit motive test to determine if personal income taxes are not consumer debts. Rather, the Court found that personal income taxes were distinct from consumer debts because they are not incurred voluntarily, they were not incurred for personal or household purposes (but rather were assessed for the

public benefit/wealth), and did not result from consumption. *In re Westberry*, 215 F.3d 589, 591 (6th Cir. 2000).

15. Debtor is NOT seeking to have the student loan debt discharged in bankruptcy.

**Therefore Debtor asks the Court to:**
a) Dismiss the U.S. Trustees motion; and
b) Order the allowance of the student loan payments as valid and necessary household expenses for purposes of calculation of the Means Test, or, in the alternative,
c) Allow debtor to amend her petition so as to properly list the student loan debt as "other than consumer debt", and the tax liability as "other than consumer debt", so as to exempt her from application of the Means Test for purposes of Chapter 7 relief.

Dated: *May 29, 2012*.

Respectfully submitted,

Evette Lutman
Debtor

Evette Diana Lutman
Debtor *in pro se*
3081 S. Forest Street
Denver, CO 80222
(215) 514-0792 Telephone
lutmane@yahoo.com